**Diane Peggy LANGLEY, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73780.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 2006.

Filed May 11, 2006.

Deborah S. Smith, Esq., Reynolds Motl & Sherwood, Helena, MT, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wernery, Esq., William C. Peachey, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, RYMER, and FISHER, Circuit Judges.

### MEMORANDUM *

LEAVY, Circuit Judge:

Diane Peggy Langley appeals the order of the Board of Immigration Appeals (BIA) finding her removable as an alien convicted of a crime involving moral turpitude under 8 U.S.C. § 1227(a)(2)(A)(I). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo the BIA's conclusion that Langley is removable, *Lara–Cazares v. Gonzales*, 408 F.3d 1217, 1219 (9th Cir.2005), and we deny the petition.

The issue before us is whether the Government has shown, by clear and convincing evidence, that Langley is removable based on her conviction for felony theft under Mont.Code Ann. § 45–6–301. Langley argues that her Montana felony theft conviction should not trigger her deportation because it was subsequently vacated. A vacated conviction can serve as the basis for removal if the conviction was vacated for reasons "unrelated to the merits of the underlying criminal proceedings," that is, for equitable, "rehabilitation or immigration hardship[ ]" reasons. *Matter of Pickering*, 23 I. & N. Dec. 621, 624, 2003 WL 21358480 (BIA 2003). However, a conviction vacated because of a "procedural or substantive defect" is not considered a "conviction" for immigration purposes and cannot serve as the basis for removeability. *Id.* It is clear from the record that Langley's felony theft conviction was vacated to prevent her deportation. The immigration judge (IJ) so found and the BIA expressly affirmed and adopted the IJ's decision. Therefore, the Government has met its burden to show that Langley's conviction was vacated for immigration hardship reasons.

PETITION DENIED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

